Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54615.**—Heller Hope Co. et al. *v.* United States, protests 149968–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54616.**—American Meshed Fur Co. *v.* United States, protest 145027–K (B) (New York).

Opinion by COLE, J.   The uncontradicted testimony of the United States wool administrator, who advisorily classified the merchandise, established that the product in question is within the class of animal hair contemplated by paragraph 1688.   The claim of the plaintiff was therefore sustained.

**No. 54617.**—Quong Hing *v.* United States, protest 80269–K (New York).

MOLLISON, Judge:   The merchandise the subject of this protest is described on the invoice as "Celluloid Chopstick" and was assessed with duty at the rate of 50 cents per pound and 40 per centum ad valorem under the provisions of paragraph 1539 (b) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1539 (b)), which, so far as pertinent, read as follows:

PAR. 1539.   *   *   *

(b) Laminated products   *   *   *; manufactures wholly or in chief value of any of the foregoing, or of any other product of which any synthetic resin or resin-like substance is the chief binding agent,   *   *   *.

The protest claim is for duty at the rate of 20 per centum ad valorem under either the nonenumerated manufactured articles provision in paragraph 1558 of the same act, or the provision for manufactures of amber or wax in paragraph 1536.

When the protest was called for trial counsel for the plaintiff called to the stand a chemist employed in the United States Customs Laboratory at New York who had made an analysis of a sample of the merchandise in question.   The witness testified that analysis of the sample showed that it was composed of synthetic phenolic resin with a little coloring matter; that the synthetic phenolic resin did not in any way act as a binding agent; and that except for the small amount of coloring matter the article was wholly made of synthetic resin.